UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KRISTIAN M. SAUCIER,

                        Plaintiff,

      -v-                                  1:18-CV-800

U.S. DEPARTMENT OF JUSTICE; LORETTA
LYNCH, Former U.S. Attorney General;
JAMES COMEY, Former FBI Director;
ANDREW MCCABE, Former FBI Director;
PETER STRZOK, Chief of Counterespionage
Section of FBI; and BARACK OBAMA, Former
POTUS,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

KRISTIAN M. SAUCIER
Plaintiff pro se
3775 VT 313
Arlington, VT 05250

HON. GRANT C. JAQUITH            WILLIAM F. LARKIN, ESQ.
United States Attorney for the       Ass't United States Attorney
   Northern District of New York
Attorney for Defendants
100 South Clinton Street
P.O. Box 7198
Syracuse, NY 13261

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

Plaintiff Kristian M. Saucier ("plaintiff" or "Saucier") filed this civil rights action on July 9, 2018 against the U.S. Department of Justice ("DOJ"); Loretta Lynch, Former U.S. Attorney General; James Comey, Former FBI Director; Andrew McCabe, Former FBI Director; Peter Strzok, Chief of Counterespionage Section of FBI; and Barack Obama, Former POTUS[1] (collectively "defendants"). Saucier brings constitutional claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)[2] and alleges violations of his Fifth, Sixth, and Fourteenth Amendment rights based on his prosecution for unlawful retention of federal defense information.

The United States of America (the "Government" or "defendants") moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule __") 12(b)(1) for lack of subject-matter jurisdiction over the DOJ and the individual defendants. In the alternative, the Government contends venue is not proper in the Northern District of New York. Plaintiff opposed and cross-moved for summary judgment in his favor. Defendants replied in further support of their own motion and in opposition to plaintiff's motion. The motions were considered on the submissions and without oral argument.

---

[1] POTUS is an acronym for President of the United States. The defendants' names and titles have been taken directly from the docket, but the United States of America has noted that some of these descriptions are incorrect.

[2] In the Second Circuit, pro se civil complaints filed under 42 U.S.C. § 1983 against federal defendants are to be construed as Bivens claims, see Robinson v Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994), which recognizes a cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights.

## II. BACKGROUND

Saucier was arrested on May 28, 2015, in the Northern District of New York, pursuant to an arrest warrant issued in the District of Connecticut. Plaintiff posted bond and made an initial appearance in Connecticut. On May 27, 2016, he pleaded guilty to one count of unauthorized retention of defense information, in violation of 18 U.S.C. § 793(e). He was sentenced on September 18, 2016 to twelve months imprisonment and supervised release for three years.

Saucier was released from federal imprisonment on September 6, 2017, and was pardoned by President Donald J. Trump on March 9, 2018.

Plaintiff is now a resident of Vermont. He alleges defendants, by virtue of his criminal prosecution, violated the: (1) Fifth Amendment, in that a different interpretation of the criminal code was made for former Secretary of State Hillary Clinton, which deprived him of life, liberty, or property; (2) Sixth Amendment, as he was tried in a civilian court rather than a military court; and (3) Fourteenth Amendment, through a conspiracy by defendants Lynch, Strzok, McCabe, Comey, and Obama to violate his equal protection rights.

## III. LEGAL STANDARD

"[W]ithin the Second Circuit, the question of whether a motion to dismiss made on sovereign immunity grounds should be reviewed under Rule 12(b)(1) or under Rule 12(b)(6) remains unresolved." Riley v. Cuomo, No. 17-CV-1631, 2018 WL 1832929, at *2 (E.D.N.Y. Apr. 16, 2018). This "distinction is significant," because "while [a district court] must accept all factual allegations in a complaint as true when adjudicating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), . . . in adjudicating a motion to dismiss for lack of subject-matter jurisdiction [pursuant to Rule 12(b)(1)], a district court may resolve disputed factual issues by

reference to evidence outside the pleadings, including affidavits." State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 (2d Cir. 2007). Because, as explained below, the Government satisfies even the "stricter standard set under Rule 12(b)(6)," that standard will be applied to defendants' motion to dismiss. Riley, 2018 WL 1832929, at *2 (assuming without deciding that Rule 12(b)(6) standard applies to motion to dismiss based on sovereign immunity and granting motion).

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Although a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(A)(2), more than mere conclusions are required." Id. "Indeed, '[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." Id.; see also Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." Morris v. N.Y. State Police, 268 F. Supp. 3d 342, 359 (N.D.N.Y. 2017) (quoting Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014)). "In making this determination, a court generally confines itself to the 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by

reference, and . . . matters of which judicial notice may be taken.'" Id. (quoting Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016)).

## IV. DISCUSSION

Defendants argue the complaint must be dismissed in its entirety because sovereign immunity prevents plaintiff from suing the DOJ and the individual defendants in their official capacities, and Saucier has not sued defendants in their individual capacities. The Government points out that the individually named defendants are not being represented in their individual capacities, as no individual defendant has been personally served with a copy of the summons and complaint by a method proscribed by the Federal Rules of Civil Procedure.

Saucier opposes and contends he intended to sue defendants in their official *and* individual capacities and that service of process was proper. In the alternative, Saucier requests leave to properly serve the individual defendants. He also argues that sovereign immunity as applied is unconstitutional and moves for summary judgment in his favor.

In reply, defendants point out that Saucier filed an administrative tort claim with the DOJ; correspondence pertaining to that matter is what fueled plaintiff's mistaken belief that by submitting an administrative claim pursuant to 28 U.S.C. § 2675(a), the DOJ would serve the individual defendants named in this Bivens action.

"The United States and federal agencies are immune from suit unless Congress has expressly waived sovereign immunity." Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983). Sovereign immunity has not been waived for Bivens complaints against federal agencies and/or federal employees acting in their official capacity. Further, Saucier's contention without legal support that sovereign immunity as applied is unconstitutional, is

without merit. The doctrine of sovereign immunity is a long-standing principle set out by the United States Supreme Court and has been affirmed at all levels of federal courts for decades. There is nothing about the application of the doctrine to the instant facts that render a different conclusion. Accordingly, Saucier's claims against the DOJ and the individual defendants in their official capacities are barred by the doctrine of sovereign immunity and will be dismissed.

It is not clear from the complaint whether plaintiff intended to sue the individual defendants in their individual capacities, their official capacities, or both. However, no individual defendant has been personally served with a copy of the summons and complaint by a method proscribed by the Federal Rules of Civil Procedure, as required for individual capacity claims.

Pursuant to Rule 4(i)(3): "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf . . . a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." As plaintiff has not effectuated service on the individual defendants in such a manner, any purported claims against the individual defendants in their individual capacities must be dismissed. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

However, Saucier has requested leave to properly serve the individual defendants. Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff has demonstrated his

confusion with service on defendants in their official versus individual capacities.  He contends that he requested service on them individually, and the docket entry at ECF No. 2 indicates that summonses were issued for the individual defendants.  However, only three summons were actually mailed:  one to the U.S. Attorney's Office in Syracuse, one to the Office of the U.S. Attorney General in Washington, D.C., and one to the DOJ in Washington, D.C.  These addresses along with the issuance of only three summonses despite their being five individual defendants plus the DOJ, comports with plaintiff's misunderstanding—stemming from his administrative claim—that the DOJ would serve each of the individual defendants.  In fact, upon filing the complaint, Saucier indicated to the Clerks' Office that the DOJ office was the address he was told to use for on-going proceedings.

A pro se plaintiff in Saucier's position, with his proffered explanation for the misunderstanding and his request for additional time to serve, would usually be granted an opportunity to serve the individual defendants.  However, "[w]here subsequent service of a complaint upon the defendants would be futile, the Court need not dismiss the action against those defendants without prejudice and may instead dismiss it with prejudice." Nesbeth v. New York City Mgmt. LLC, No. 17 CIV. 8650, 2019 WL 110953, at *4 (S.D.N.Y. Jan. 4, 2019) (internal quotations omitted).  To state a claim under Bivens against a federal officer in his or her individual capacity, a plaintiff must allege facts showing personal and direct involvement by individual agents in the alleged violation.  Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987)

The complaint lists the official positions for Lynch, Comey, McCabe, Strzok, and Obama, and makes no specific reference to an intent to sue the individual defendants in their various individual capacities.  While plaintiff alleges that three illegal search warrants were executed against him, along with other alleged constitutional violations, there are no

allegations that any of the individually named defendants committed or directly participated in this conduct. Saucier has not shown that the individual defendants have any relation to this case at all. To the contrary, the facts alleged by plaintiff himself belie any involvement. The complaint lacks any allegations tying the individual defendants to the allegedly unconstitutional conduct of issuing unlawful search warrants and the illegal seizures, detentions, and interrogations that ensued. As a result, plaintiff has failed to state an individual claim against any of the defendants. Therefore subsequent service on the individual defendants would be futile. Accordingly, plaintiff's claims against the individual defendants in their individual capacities will also be dismissed.

There is no need to consider the remaining arguments regarding venue and summary judgment.

## V. **CONCLUSION**

Accordingly, defendants' motion to dismiss the claims against the DOJ and the individual defendants in their official capacities will be granted based on sovereign immunity. Saucier's request to serve the individual defendants in their individual capacities is denied as futile. All claims will be dismissed. Defendants' request to transfer venue will be denied as moot, as will plaintiff's request for summary judgment.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss is GRANTED;

2. The complaint is DISMISSED in its entirety with prejudice;

3. Defendants' request to transfer venue is DENIED as moot; and

4. Plaintiff's cross-motion for summary judgment is DENIED as moot.

The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 13, 2019
      Utica, New York.